948 F.2d 782
 292 U.S.App.D.C. 190
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Dexter V. SWABY, Appellant.
 No. 90-3128.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 7, 1991.
Rehearing Denied Dec. 18, 1991.
 
 Before HARRY T. EDWARDS, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motions to dismiss appeal or in the alternative for summary affirmance and the answer thereto, it is
 
 
 2
 ORDERED that the appeal be dismissed. Swaby concedes, and the record confirms, that he entered an unconditional guilty plea without reserving his right to appeal the district court's denial of his motion to suppress. See Fed.R.Crim.P. 11(a)(2) (providing that a defendant may enter a conditional guilty plea only "[w]ith the approval of the court and the consent of the government" and requiring that he "reserv[e] in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion"). Anticipating a claim of ineffective assistance of counsel under 28 U.S.C. § 2255, Swaby nonetheless urges this court to reach the merits of the suppression issue. Because the district court is the appropriate forum for initial resolution of a claim under section 2255, we decline to reach the merits of Swaby's claim that the district court erred in denying the motion to suppress. See 28 U.S.C. § 2255 ("An application for a writ of habeas corpus ... shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him...."); United States v. Ayala, 894 F.2d 425, 430 (D.C.Cir.1990) ("[B]ecause Ayala did not present his constitutional arguments below, we are not now in a position to address these claims as if they had been properly raised by a section 2255 motion.").
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 ORDER
 
 4
 Upon consideration of the petition for rehearing, it is
 
 
 5
 ORDERED that the petition be denied. Swaby asserts that the district court erred in denying his motion to suppress evidence seized as a result of an encounter with police officers aboard a bus. As noted in the order dismissing Swaby's appeal, Swaby entered an unconditional guilty plea without reserving his right to appeal, and the district court is the appropriate forum for initial resolution of a claim of ineffective assistance with respect to the guilty plea. See 28 U.S.C. § 2255; United States v. Ayala, 894 F.2d 425, 430 (D.C. Cir. 1990). Moreover, even if we were to reach the merits of Swaby's claim that the district court erred in denying the motion to suppress, we would find no error. Although Swaby asserts that the cramped confines and oppressive atmosphere of the bus rendered the encounter a seizure, he has not specified any factors that prevented him from disregarding the police presence and going about his business. His claim that he was seized is therefore meritless. See United States v. Lewis, 921 F.2d 1294 (D.C. Cir. 1990). We likewise reject Swaby's contention that he had a reasonable expectation of privacy in the luggage compartment above his seat, a compartment that was readily accessible to all passengers and others on board the bus.